UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MR. CHIU WAI IP,

       Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General U.S. Department of Justice;
JOHN F. KELLY, Secretary of the
Department of Homeland Security; THOMAS
P. BROPHY, ICE ERO Acting Field Office
Director-Buffalo; and ROBERT F. JUDGE,
Assistant Field Office Director Buffalo Federal
Detention Facility,

       Respondents.

**DECISION AND ORDER**

1:17-CV-00429 EAW

## BACKGROUND

Petitioner Chiu Wai Ip ("Petitioner"), commenced this habeas proceeding on May 17, 2017, pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") violated his federal constitutional rights under the Fifth Amendment. (Dkt. 1). He requested relief, including asking that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release petitioner from custody; (3) enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner; (4) award Petitioner attorney's fees and costs; (5) order the Attorney General not to remove

Petitioner from the jurisdiction of this Court during consideration of this petition;[1] and (6) grant any further relief that the Court deems just and proper. (*Id.* at 7-8).

Petitioner was born in Hong Kong in 1972, when Hong Kong was still a colony of Great Britain. (*Id.* at 3). Petitioner arrived in the United States on November 11, 1991, as a Legal Permanent Resident. (*Id.*). In 1994, Petitioner was arrested in Hong Kong and extradited to the United States, where he was convicted of second and third degree possession of a weapon, as well as second degree murder under New York law. (*Id.* at 4). Petitioner was sentenced to 20 years to life imprisonment. (*Id.*). He was released on parole on October 12, 2016, into ICE custody. (*Id.*). On that date, Petitioner became subject to a final order of removal. (*Id.*).

When the instant petition was filed, Petitioner had been in ICE custody for more than seven months after receiving his final order of removal. (*Id.*). DHS reviewed Petitioner's detention status in January 2017, and again in April 2017, and decided to continue Petitioner's detention after each review. (*Id.* at 5).

On May 23, 2017, this Court ordered Respondents to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the Order. (Dkt. 3). On July 7, 2017, Respondents filed an answer and return response to the petition. (Dkt. 5). On August 15, 2017, Petitioner was released from administrative custody and removed from the United States. (Dkt. 6-1 at 3). On August

---

[1] The Court construes this request as one for a stay of removal during the pendency of the proceeding.

29, 2017, Respondents moved to dismiss the petition on the grounds of mootness. (Dkt. 6). Petitioner did not respond to Respondents' motion.

For the following reasons, Respondents' motion to dismiss (Dkt. 6) is granted, and the petition is dismissed as moot.

## DISCUSSION

### I. Jurisdiction

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241). When considering a habeas corpus petition, "[t]he 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003). "A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." *Id.* at 1120-21. Petitioner "must show 'collateral consequences adequate to meet Article III's injury-in-fact requirement.'" *Sayavong v. McElroy*, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (quoting *Ramirez v. INS*, 86 F. Supp. 2d 301, 303-04 (S.D.N.Y. 2000)).

District courts do not have jurisdiction to review final orders of removal. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). The Second Circuit has found that § 1252(a)(5) "unequivocally

eliminates habeas corpus review of orders of removal" by a district court. *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). This statute "does not affect the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. Civ. 305CV733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

## II. <u>Mootness</u>

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (alteration in original). "Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that [the] petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009). However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Id.* at 341; *see also Williams v. INS*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the relief sought by Petitioner included that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release petitioner from custody; (3) enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner; (4) award Petitioner attorney's fees and costs; (5) order the Attorney General not to remove Petitioner from the jurisdiction of this Court during consideration of this petition; and (6) grant any further relief that the Court deems just and proper. (Dkt. 1 at 7-8).

As to Petitioner's fifth request, this Court never had jurisdiction to review his final order of removal. With regard to the remainder of his requests, the petition became moot upon Petitioner's release from the custody of the United States. *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010) ("[B]ecause [the petitioner] has been deported, the only relief available to him in this habeas proceeding—namely, release from continued detention in administrative custody—has been granted. . . . Therefore, [the petition] should be dismissed as moot."); *see Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 6) is granted, and the petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 18, 2018
       Buffalo, New York